IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD S ARMSTRONG, | ) | Case No. C 11-4353 SC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE |
| | ) | |
| v. | ) | |
| | ) | |
| THE BANK OF NEW YORK MELLON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On September 1, 2011, Defendant The Bank of New York Mellon ("Defendant") removed this action from Sonoma County Superior Court. ECF No. 1 ("Not. Of Removal"). On September 8, 2011, Defendant moved to dismiss and strike the Complaint, with a noticed hearing date of October 20, 2011. ECF Nos. 5 ("MTD"), 6 ("MTS"). Plaintiff Ronald S Armstrong ("Plaintiff") failed to file an opposition pursuant to Civil Local Rule 7. Plaintiff also failed to comply with the magistrate judge's Order to either consent or decline magistrate jurisdiction by September 22, 2011. ECF No. 9 ("Order to File Consent/Declination").

On September 28, 2011, the magistrate judge vacated the October 20, 2011 hearing on Defendant's Motion to Dismiss and Motion to Strike and ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to comply with court deadlines. ECF No. 11 ("Order to Show Cause").

The magistrate judge ordered Plaintiff to file a declaration by October 6, 2011. Id. Plaintiff failed to do so. On October 14, 2011, the magistrate judge recommended that the Court dismiss the case based on Plaintiff's failure to prosecute and repeated failure to comply with a court order. ECF No. 14 ("Report and Recommendation"). Plaintiff has not objected to the Report and Recommendation, but did file a First Amended Complaint ("FAC") on October 17, 2011. ECF No. 15 ("FAC").

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the Plaintiff fails to prosecute or comply . . . with a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Pursuant to Rule 41, a district court also has the inherent power to dismiss a case on its own motion. Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ferdik, 963 F.2d at 1261 (citations and quotations omitted).

In the instant action, the first two Ferdik factors weigh in favor of dismissal. Plaintiff failed to file an opposition to Defendant's pending Motion to Dismiss, failed to comply with a court order and deadlines, failed to respond to the Order to Show Cause, and, other than filing its FAC, has made no appearance in

1   this matter since Defendant removed the Complaint.  The Court has
2   the power to manage its docket without being subject to such
3   vexatious noncompliance of litigants.  With respect to the third
4   factor, Plaintiff's tactics have resulted in prejudice to
5   Defendant.  Plaintiff failed to file an opposition to Defendant's
6   Motion to Dismiss and then, after pertinent deadlines had expired,
7   filed a FAC to which Defendants would need to respond.  As to the
8   fourth factor, Plaintiff's refusal to prosecute the case and comply
9   with court orders renders a disposition of the case on the merits
10  unlikely.  As to the availability of less drastic measures, the
11  magistrate judge has already given Plaintiff an opportunity to show
12  cause as to why the case should not be dismissed.  Plaintiff failed
13  to respond to the Order.  Thus, the <u>Ferdik</u> factors weigh in favor
14  of dismissal.

15      For these reasons, the Court dismisses Plaintiff Ronald S
16  Armstrong's action.

18      IT IS SO ORDERED.

20      Dated: October 28, 2011         
21                                      UNITED STATES DISTRICT JUDGE

3